THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEPHANIE BIRKNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14-508-MJR |
| v. | ) | |
| | ) | |
| CITY OF NASHVILLE, ILLINOIS, | ) | Judge Michael J. Reagan |
| Nashville Police Officers BROCK STYNINGER, | ) | |
| and GARY WRIGHT, | ) | |
| WASHINGTON COUNTY, ILLINOIS, | ) | |
| Washington County Sheriff CHARLIE PARKER, | ) | |
| Washington County Sheriff's Deputy JARED | ) | JURY TRIAL DEMANDED |
| WILKE, MATTHEW BIERMAN, | ) | |
| and DOUGLAS BIRKNER, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. At all times relevant to this complaint, Plaintiff Stephanie Birkner was a resident of Nashville, Illinois.

5. At all times relevant to this complaint, Defendant Douglas Birkner was a resident of Nashville, Illinois.

6. Defendants Brock Styninger and Gary Wright are duly appointed and sworn City of Nashville, Illinois, police officers. At all times relevant to this complaint, Styninger and Wright were acting in the course and scope of their employment as police officers, and under color of state law, ordinance and/or regulation. Styninger and Wright

are sued in their individual capacities.

7. Defendant City of Nashville is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Styninger and Wright.

8. Defendant Deputy Jared Wilke is a duly appointed and sworn Washington County sheriff's deputy. At all times relevant to this complaint, Wilke was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation. Wilke is sued in his individual capacity.

9. Defendant Sheriff Parker is the employer and principal of Defendant Wilke. Parker is sued in his official capacity.

10. Defendant Matthew Bierman is a Crew Supervisor for the Washington County Illinois Ambulance Service. Bierman was Defendant Douglas Birkner's supervisor. At all times relevant to this complaint, Bierman was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation. Wilke is sued in his individual capacity.

11. Defendant Washington County is responsible to indemnify Defendants Wilke, Parker and Bierman for any judgment for compensatory damages entered against them in this case.

**Facts**

12. Plaintiff Stephanie Birkner filed for divorce from her husband Douglas Birkner in April 2013.

13. Defendant Douglas Birkner was employed as a paramedic by Washington County, Illinois. In that capacity, Douglas often worked closely with City of Nashville police officers and Washington County sheriff's deputies.

14. Outside of work, Douglas was friends with several police officers and deputies, including Nashville police officer Brad Wetzel and Defendant-Officers Wilke, Styninger and Wright.

15. After Douglas was served with divorce papers, he came to Stephanie's house with Officer Brad Wetzel. Wetzel told Stephanie that she had to let Douglas into the house to take whatever he wanted.

16. Stephanie said that she wanted to wait for a court order to decide how their

2

possessions should be divided.

17. Wetzel lunged at Stephanie as if to grab her.

18. Stephanie ran inside and called 911.

19. On May 3, 2013, Douglas came to Stephanie's house several times to request that she sign a handwritten separation agreement he had drafted to purportedly relieve him of responsibility to pay child support for their daughter, for whom Stephanie is the primary caretaker. Stephanie refused to sign this document.

20. Douglas and Stephanie exchanged numerous text messages throughout the day on May 3. Neither Stephanie nor Douglas sent each other any messages after 11:40 p.m.

21. At approximately 3:00 a.m., Douglas contacted Defendant-Officer Styninger, who was on duty at that time.

22. Styninger and Wilke agreed to arrest Stephanie.

23. Douglas signed a complaint to have Stephanie charged with harassment through electronic communications, 720 ILCS 1-2(a)(4).

24. There was not probable cause to charge Stephanie with this crime.

25. At approximately 4:00 a.m. on May 4, 2013, Defendants Styninger and Wilke came to Stephanie's home and banged on the door.

26. Defendants Styninger and Wilke told Stephanie she was being arrested for phone harassment because of messages she had sent to Douglas.

27. Stephanie showed Styninger and Wilke her phone to show that she and Douglas had had a conversation through text messages that had ended hours ago.

28. Defendants Styninger and Wilke ignored this information.

29. Defendants Styninger and Wilke placed Plaintiff in handcuffs.

30. There was not probable cause to arrest Stephanie.

31. Both of Stephanie's children witnessed her being arrested.

32. Stephanie was forced to leave her son at home alone. Douglas' parents came and took Stephanie's daughter.

33. Defendant Styninger transported Stephanie to the Washington County Jail.

34. Stephanie remained in jail for approximately 2 hours until she was able to post $150 bond.

35. While Stephanie was in police custody, Douglas broke into Stephanie's home and stole property that belonged to Stephanie including jewelry, three car titles that were in a safe, guns, art and collectables, camping gear, dishes, pots and pans, clothes, a flat screen TV, a blue ray player, a stereo system and other items.

36. On information and belief, Defendant-Officers alerted Douglas that Stephanie was not at home.

37. Stephanie was forced to walk home from the jail in the rain.

38. When Stephanie was walking home from the jail, Douglas followed her in his car, taunting her and making threatening hand gestures miming shooting her with a gun.

39. Stephanie called the police to report Douglas' threats.

40. When Stephanie arrived home, Defendant-Officer Gary Wright met her there.

41. Defendant-Officer Wright yelled at Stephanie that she was lying about Douglas' threatening her. Wright refused to take a report from Stephanie concerning the harassment or the burglary of her home.

42. Wright told Stephanie that he would find a reason to arrest her every time he saw her and that if she called the police about Douglas again, she would be arrested.

43. Douglas would not return their daughter to Stephanie's custody. Stephanie did not know where her daughter was and did not see her for a week.

44. Defendant Bierman assisted Douglas into tricking Stephanie into thinking that he had taken their daughter to Chicago by posting false and misleading messages on Facebook where they knew Stephanie would see them.

45. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered damages including loss of physical liberty, medical expenses, money posted for bond, pain and suffering and emotional distress.

## COUNT I
## 42 U.S.C. § 1893 – Civil Conspiracy

46. Plaintiff realleges paragraphs 1-45 as if fully set forth herein.

47. Defendants Douglas Birkner, Styninger, Wilke, Wright and Bierman

4

reached an agreement and understanding to deprive Plaintiff Stephanie Birkner of her constitutional rights including her right to be free from unreasonable seizures of her person and/or property under the Fourth Amendment and her fundamental liberty interest in her relationship with her child.

48. Defendants Douglas Birkner, Styninger, Wilke, Wright and Bierman were willful participants in joint activity aimed at depriving Plaintiff Stephanie Birkner of these rights.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants Douglas Birkner, Styninger, Wilke, Wright and Bierman,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
## 42 U.S.C. § 1893 – False Arrest

49. Plaintiff realleges paragraphs 1-45 as if fully set forth herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants Douglas Birkner, Wilke and Styninger,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
## 42 U.S.C. § 1893 – Denial of Substantive Due Process

50. Plaintiff realleges paragraphs 1-45 as if fully set forth herein.

51. Plaintiff Stephanie Birkner has a fundamental liberty interest in the parent-child relationship with her daughter.

52. The acts described above constituted a deliberate course of action by

Defendant state officials Styninger, Wilke and Bierman, acting in a conspiracy with Douglas Birkner, to interfere with this fundamental right.

53. There was no compelling state interest served by the Defendants' interference with Plaintiff's custody of her daughter.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants Douglas Birkner, Styninger, Wilke, Wright and Bierman,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
## 42 U.S.C. § 1893 – Equal Protection – Class of One

54. Plaintiff realleges paragraphs 1-45 as if fully set forth herein.

55. Defendant Wright intentionally refused to take Plaintiff Stephanie Birkner's complaints that her home had been burglarized and that she was being threatened by Douglas Birkner.

56. Defendant Wright knew or should have known that he had no justification, based on his public duties, for singling Plaintiff out for unfavorable treatment.

57. Defendant Wright engaged in this course of action for an improper motive—to help his friend Douglas Birkner in his dispute with Plaintiff.

58. These actions had a discriminatory effect of denying Plaintiff basic police protection and the ability to report crimes committed against her by Douglas Birkner.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant Wright,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### State Law Claim for Conversion

59. Plaintiff realleges paragraphs 1-45 as if fully set forth herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant Douglas Birkner,

b) Award Plaintiff compensatory and punitive damages,

c) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### State Law Claim for Intentional Infliction of Emotional Distress

60. Plaintiff realleges paragraphs 1-45 as if fully set forth herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants Douglas Birkner, Wright, Bierman, Styninger, and Wilke,

b) Award Plaintiff compensatory damages for the actions of Wright, Bierman, Styninger and Wilke,

c) Award Plaintiff compensatory and punitive damages for the actions of Birkner,

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VII
### Indemnification Claim pursuant to 745 ILCS 10/9-102
### Washington County

61. The acts of Defendants Wilke and Bierman described in the above federal claims were willful and wanton, and committed in the scope of employment.

62. As the Sheriff of Washington County, Parker is the employer of Defendant Wilke.

63. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant Washington County is liable for any judgments for compensatory damages in this case against Wilke, Bierman, and/or Parker.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant Washington County to indemnify Defendants Bierman, Parker and Wilke for any judgment for compensatory damages in this case arising from their actions.

### COUNT VIII
### Indemnification Claim pursuant to 745 ILCS 10/9-102
### City of Nashville

64. The acts of Defendant Styninger and Wright described above federal claims were willful and wanton, and committed in the scope of employment.

65. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Nashville is liable for any judgments for compensatory damages in this case arising from Styninger and Wright's actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of Nashville to indemnify Defendants Styninger and Wright for any judgment for compensatory damages in this case arising from their actions.

### COUNT IX
### *Respondeat Superior* – Washington County

66. Plaintiff realleges paragraphs 1-45 as if fully set forth herein.

67. The acts of Defendants Bierman and Wilke described in the state law claims above were willful and wanton and committed in the scope of their employment.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant Washington County to pay any judgment entered in this case arising from the actions of Defendants Bierman and Wilke described in the state law claims above.

### COUNT X
### *Respondeat Superior* – City of Nashville

68. Plaintiff realleges paragraphs 1-45 as if fully set forth herein.

69. The acts of Defendants Styninger and Wright described in the state law claims above were willful and wanton and committed in the scope of their employment.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of

Nashville to pay any judgment entered in this case arising from the actions of Defendants Styninger and Wright described in the state law claims above.

**Jury Trial Demanded**

                                        Respectfully submitted,

                                        /s/ Louis J. Meyer
                                        *Counsel for Plaintiff*

Meyer & Kiss
53 W. Jackson Blvd., Suite 865
Chicago, Illinois 60604

                                        /s/ Adele D. Nicholas
                                        *Counsel for Plaintiff*

Law Office of Adele D. Nicholas
4510 N. Paulina Street, 3E
Chicago, Illinois 60640
847-361-3869